**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

(1) EMCASCO INSURANCE COMPANY,

Plaintiff,

v.

(1) STEVE'S WHOLESALE DISTRIBUTORS, INC.

Defendant.

No. CIV-20-349-D

JURY TRIAL DEMANDED

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW** EMCASCO Insurance Company ("EMC"), Plaintiff herein, and pursuant to 28 U.S.C. § 2201, brings this lawsuit against Defendant Steve's Wholesale Distributors, Inc. ("Steve's Wholesale"), seeking the declaratory judgment of this Court to determine a controversy as to the rights and obligations of the parties under a policy of insurance issued by EMC to Steve's Wholesale in relation to an insurance claim for alleged property damage to a building and, in support thereof, does allege and state as follows, to wit:

**JURISDICTION**

1. EMC is a corporation organized and existing under the laws of the State of Iowa, which has its principal place of business within the State of Iowa, and is therefore a citizen of the State of Iowa.

2. Steve's Wholesale is a corporation organized and existing under the laws of the State of Oklahoma, which has its principal place of business within the State of Oklahoma, and is therefore a citizen of the State of Oklahoma.

3. This lawsuit concerns an insurance claim for an amount in excess of $75,000.00, and the amount in controversy in this lawsuit therefore exceeds the sum of $75,000.00, exclusive of interest and costs.

4. By reason of the diversity of citizenship of the parties to this lawsuit and the sufficiency of the amount in controversy, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a).

**VENUE**

5. This lawsuit concerns the coverage afforded under a policy of insurance issued to Steve's Wholesale in Oklahoma City, Oklahoma, and which insurance policy included commercial property insurance coverage for a building located in Watonga, Oklahoma, all of which is within that territory of which the Western District of Oklahoma is comprised, by reason of which venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b).

**FACTS**

6. EMC issued a policy of insurance numbered 5M2-97-92—17 to Steve's Wholesale as the named insured, having an initial policy period of March 31, 2016 to March 31, 2017, but which policy period was extended by a change endorsement to May 15, 2017, a true and correct copy of which policy is attached hereto as Exhibit 1.

7. The policy included commercial property insurance coverage for a commercial warehouse located in Watonga, Oklahoma, subject to the policy's terms and conditions.

8. The policy provided that it afforded coverage only for loss or damage to the insured property which commenced during the time period that the insurance contract was in force.

9. The policy further provided that no legal action could be brought against EMC for a commercial property loss unless brought within two years of the date of the occurrence of the direct physical loss or damage which was the subject of the lawsuit.

10. The policy provided that the commercial property coverage would be rendered void in any case of fraud, concealment or the misrepresentation of a material fact, including concerning the insured property or concerning any claim made under the commercial property coverage of the policy.

11. The policy further included various exclusions to coverage providing that EMC would not pay for loss or damage to the insured property which was caused by or resulted from, among others, wear and tear; rust or corrosion, decay, deterioration, hidden or latent defects or any quality of the property which caused it to damage or destroy itself; settling, cracking, shrinking or expansion; continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more; or neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

12. On or about the last day on which the EMC policy was in force, May 15, 2017, Steve's Wholesale made a claim for hail damage to the roof of the Watonga building, asserting that the damage resulted from a storm that took place on May 9, 2017.

13. EMC timely investigated the insurance claim, including through an inspection by an independent adjuster and an engineer, and concluded that the roof was in poor condition due to old hail damage which predated the EMC policy term, excessive wear and tear, long-term water seepage, rust, and deterioration, including the shrinking and cracking of the roofing tiles and membrane.

14. However, because it was possible that on May 8, 2016, which was during the policy period, hail may have damaged one of the multiple roof surfaces which covered a portion of the roof on the building, EMC estimated the cost to repair that portion of the roof and, on November 8, 2017, issued payment to Steve's Wholesale for the actual cash value of those repairs, less the applicable deductible, pursuant to the terms of the policy.

15. Steve's Wholesale did not negotiate the EMC check, which EMC reissued on June 28, 2018, until over one year later on December 26, 2018, nor did it make repairs to the roof.

16. On February 6, 2019, Steve's Wholesale submitted a roofer's estimate to EMC in the amount of $3,675,679.69 to replace, rather than to repair, the building's roof.

17. EMC then requested that the engineer which it had retained concerning this claim again inspect the building, and learned from the engineer that his inspection on March 22, 2019 revealed that after his first inspection the roof had suffered wind damage

to portions of one of the multiple roof surfaces, likely on June 22, 2018, which damage thus occurred after the policy had lapsed.

18. On April 11, 2019, EMC sent a letter to Steve's Wholesale advising of its position that it owed nothing further under the policy for damage to the insured property than that which it had previously paid, subject to payment of recoverable depreciation should Steve's Wholesale repair the portion of the roof which EMC concluded might possibly have been damaged during the policy term from hail, a covered cause of loss.

19. Since that date Steve's Wholesale has not submitted any request for the recoverable depreciation or invoices evidencing that any repairs have been made to the building's roof.

20. Instead, on February 14, 2020, two years and eight months after the last day of coverage afforded by the policy, a public adjuster retained by Steve's Wholesale sent EMC his "preliminary estimate" of $7,261,539.26 to completely replace the building's roof, followed three days later with a "final" estimate in the same amount.

21. Based upon the belated demand to EMC from Steve's Wholesale and its public adjuster for additional money beyond that which EMC has paid for the cost to repair that damage to the roof of the insured building which may have occurred during the term of the policy, which repairs Steve's Wholesale has apparently never undertaken, an actual, justiciable controversy exists between EMC and Steve's Wholesale as to the parties' respective rights and obligations under the policy.

22. EMC seeks a declaration of this Court that Steve's Wholesale is owed no coverage under the terms of the policy for the claimed damage to its building or,

alternatively, if coverage is owed that EMC has paid all that it was obligated to pay under the terms of the policy, for one or more of the following reasons:

a. No legal action was brought against EMC within the two-year suit limitation period, as expressly required by the policy, as a result of which any right of Steve's Wholesale to recover any further sums from EMC under any theory of liability arising from the rights and obligations under the policy are barred;

b. Coverage under the policy is void because Steve's Wholesale misrepresented the age and condition of the building's roof, which representation was material as concerns the subject claim and its potential value, and further because Steve's Wholesale submitted an inflated claim for the repair of damage covered under the policy and which actually commenced during the policy term;

c. EMC paid Steve's Wholesale all that EMC owes Steve's Wholesale under the terms of the policy for the covered damage to the building, in that (i) EMC paid Steve's Wholesale the actual cash value of the cost to repair the covered damage, minus the deductible, (ii) the policy required Steve's Wholesale to promptly repair the covered damage to the building, (iii) the policy provided that such repairs be made by Steve's Wholesale before it could recover the withheld depreciation from the replacement cost value of the covered cost of the repairs, and (iv) Steve's Wholesale either never made any such repairs or failed to submit invoices establishing that such repairs had been made and the actual cost thereof;

d. There is no coverage under the policy for any loss or damage to the building's roof other than that for which EMC has paid, as such commenced prior to the inception of the EMC policy or occurred after it lapsed, or resulted from one or more causes of loss excluded from coverage under the policy.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff EMCASCO Insurance Company does respectfully pray that this honorable Court issue its declaratory judgment that any claim of Defendant Steve's Wholesale Distributors, Inc. to coverage under the subject policy of insurance is either time barred or void or, in the alternative, that Plaintiff EMCASCO Insurance Company has paid all that is owed to Defendant Steve's Wholesale Distributors, Inc. for any loss to the subject building which is covered under the policy, and for such other and further relief as the Court deems just and equitable in the premises.

Respectfully submitted,

*s/ Casper J. den Harder*

Phil R. Richards, OBA #10457
Casper J. den Harder, OBA #31536
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma 74103
Telephone: 918/585.2394
Facsimile: 918/585.1449
Email: prichards@richardsconnor.com
cdenharder@richardsconnor.com

**ATTORNEYS FOR PLAINTIFF EMCASCO INSURANCE COMPANY**