IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EMCASCO INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-20-349-D |
| WATONGA INDUSTRIAL, LLC, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Plaintiff EMCASCO Insurance Company's Motion in Strike Defendant's Experts Andrew Farl and Dan Stouffer [Doc. No. 49]. Plaintiff asserts that two individuals identified by Defendant Watonga Industrial, LLC as both fact and expert witnesses should be precluded from testifying as experts because Defendant failed to comply with the disclosure requirement of Fed. R. Civ. P. 26(a)(2)(C). Defendant has filed a timely response [Doc. No. 60] in opposition to the Motion, and Plaintiff has replied [Doc. No. 65]. The Motion is fully briefed and at issue.

**Factual Background**

This insurance action concerns storm damage to the roof of Defendant's commercial building and Plaintiff's adjustment of a claim for insurance coverage. The underlying facts are fully set forth in the Order of July 18, 2022 [Doc. No. 71], denying summary judgment to Plaintiff. The crux of the dispute is that Plaintiff issued a payment for Defendant's insurance claim that allegedly was insufficient to cover the loss. Defendant has designated

two individuals who provided repair estimates during the adjustment process as expert witnesses who will provide opinion testimony under Fed. R. Evid. 702 at trial. The sole issue raised by Plaintiff's Motion is whether these witnesses should be barred from testifying as experts because Defendant provided an insufficient summary of anticipated testimony as required by Rule 26(a)(2)(C).

## Standard of Decision

Plaintiff's Motion is governed by Rule 37(c) regarding sanctions for a party's failure to disclose information required by Rule 26(a).[1] Specifically, a party who fails to provide information "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *see Jacobsen v. Deseret Book Co.* 287 F.3d 936, 953 (10th Cir. 2002); *see also Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191-92 (10th Cir. 2009).

The "substantially justified" standard appears in other discovery rules authorizing sanctions. *See, e.g.*, Fed. R. Civ. P. 37(a)(5)(A)(ii). The proper test under this standard is whether "there is a 'genuine dispute,' or 'if reasonable people could differ as to the appropriateness of the contested action.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)

---

[1] Based on the interplay of these discovery rules, Defendant urges the Court to refuse to hear the Motion because counsel for the parties did not meet and confer regarding the underlying dispute before Plaintiff filed the Motion, as required by LCvR37.1. Although Defendant may be technically correct, the Court exercises its discretion to decide the Motion due to the length of time it has been pending without any indication that the dispute could be resolved by agreement.

(citations omitted). "Substantially justified" connotes "justified to a degree that could satisfy a reasonable person." *Id*.; *see Lester v. City of Lafayette*, 639 F. App'x 538, 542 (10th Cir. 2016) (unpublished). Also, the court of appeals has identified the following factors to guide a district court's exercise of discretion in deciding whether to exclude undisclosed evidence:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [violating] party's bad faith or willfulness.

*Woodworker's Supply*, 170 F.3d at 993; *Jacobsen*, 287 F.3d at 953. Regarding prejudice that may warrant the exclusion of a party's expert witness, the court of appeals has held that the proper focus of the "cure" factor is prejudice to the opposing party's ability to effectively prepare for or otherwise address the substance of a missing or inadequate expert disclosure. *See Jacobsen*, 287 F.3d at 953-54; *see also Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (unpublished).

## Discussion

The first question presented by Plaintiff's Motion is whether a Rule 26(a)(2)(C) violation occurred. A witness who is not retained or specially employed by a party to provide expert testimony need not provide a written report under Rule 26(a)(2)(B), but the sponsoring party must disclose the information required by Rule 26(a)(2)(C):

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and

> (ii) a summary of the facts and opinions to which the witness is expected to testify.

3

Defendant identified Andrew Farl and Dan Stouffer as expert witnesses subject to this provision, and provided the following disclosure regarding their expert testimony:

> Andrew Farl . . . has expertise in areas of roof construction and practices and per his deposition and some of his testimony may involve expert opinion based upon his experience and knowledge.
>
> Dan Stouffer . . . has expertise in areas of roofs and public adjusting, roof insurance claims and per his deposition and some of his testimony may involve expert opinion based upon his experience and knowledge.

*See* Def.'s Expert Witness List [Doc. No. 37] at 1-2. Neither Mr. Farl nor Mr. Stouffer was deposed. Defendant characterizes the references to depositions in these statements as "a scrivener's error." *See* Resp. Br. at 4.

Upon consideration, the Court finds that Defendant's disclosures of proposed expert testimony by Mr. Farl and Mr. Stouffer are patently insufficient to satisfy Rule 26(a)(2)(C). Defendant does not identify the subject matters on which the witnesses are expected to provide expert opinions or summarize what opinions they are expected to give. Thus, the Court finds that Defendant failed to provide adequate expert disclosures regarding these two proposed expert witnesses.

The question then becomes whether Mr. Farl and Mr. Stouffer should be barred from testifying as expert witnesses at trial. To reach an affirmative answer to this question, the Court must determine both that Defendant's inadequate disclosure was not substantially justified and that it was prejudicial to Plaintiff.

Defendant provides no information that would support a determination in its favor on either point. Defendant does not contend its nondisclosure of the proposed experts' opinions was reasonable under the circumstances. Defendant instead attempts to justify its

inadequate disclosures by arguing that it had previously produced to Plaintiff documents that contained repair estimates from Mr. Farl and Mr. Stouffer and thus Plaintiff could have deduced the subjects and substance of their proposed opinions. *See* Resp. Br. at 7. This attempt is itself patently insufficient. Even assuming the subject matter of the witnesses' proposed opinion testimony is limited to the topic of necessary repairs and costs, one is still left to guess the substance of their expert opinions, as opposed to their factual analysis.

Perhaps more importantly, Defendant makes unpersuasive arguments regarding the Plaintiff's lack of unfair surprise and ability to cure the inadequate disclosures. Although this case is not currently set on a trial docket because it was stayed pending a summary judgment ruling, discovery is complete and trial submissions are due by September 16, 2022.[2] Plaintiff asserts, correctly, that a belated expert disclosure disrupts an orderly preparation of the parties' respective cases and would require reopening discovery and, at a minimum, setting a new deadline for *Daubert* motions. Defendant's argument that Plaintiff has known all along the identities of the witnesses and their work on the case is unpersuasive under the circumstances, where Mr. Farl and Mr. Stouffer are fact witnesses whose involvement in the adjustment process does not give notice of their proposed expert opinions.

Defendant's alternative of an order requiring "supplemental" disclosures and allowing late depositions (Resp. Br. at 10-11) will not cure the disruption of orderly trial preparation and timely trial submissions. Although Defendant is correct that no actual trial

---

[2] An August 17, 2022 deadline was recently extended at the request of the parties to accommodate their attorneys' schedules.

5

disruption may occur and bad faith is not alleged, these factors are not dispositive. *See Jacobsen*, 287 F.3d at 954. Plaintiff should not be required to rework its case at the eleventh hour to address newly disclosed opinion evidence, nor should the trial of this case be further delayed for additional discovery and motion practice.

## Conclusion

For these reasons, the Court finds Defendant failed to comply with Rule 26(a)(2)(C) and its failure was not substantially justified or harmless. Therefore, the Court finds that Defendant should not be permitted to present Andrew Farl and Dan Stouffer to testify as expert witnesses, although they may still provide factual testimony regarding their work on the insurance claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant's Experts Andrew Farl and Dan Stouffer [Doc. No. 49] is **GRANTED**. Defendant will not be permitted to introduce expert opinion testimony from Mr. Farl and Mr. Stouffer at trial.

**IT IS SO ORDERED** this 21st day of July, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge